Case number 15-7150. Kelly Foster, Appellant v. Sedgwick Claims Management Services, Inc., Commissioner for the District of Columbia and SunTrust Bank Short and Long-Term Disability Plans, SunTrust Banking Council, Bank In-House Council. Ms. Clark for the Appellant, Mr. Abregast for the Appellate. Good morning. Good morning. This matter should be remanded back to the district court because of a clear error of law, even if it's one that was created by the planner. This case involves a very complex welfare benefit plan established by SunTrust, some portions of which were insured and a small portion that was uninsured. I'm directing the court's attention to the appendix, joint appendix, page 25, where it lays out some of the benefits. I draw your attention to the set of benefits that are outside of the brackets or the boxes, which are specifically the short-term disability benefits, which are said to be paid out of the assets of the employer but are administered by SunTrust. And that is at the heart of the reason why there's an error of law here. On a motion for reconsideration. Could you say what, which error of law you're talking about? The error in this instance has to do with whether or not this is a plan that was, these benefits were governed by ERISA. Okay. Okay. Well, didn't the plaintiff concede in the district court that it wasn't? The error of law was, in fact, that concession. And on the motion for reconsideration. But that's actually a waiver, isn't it? Oh, I think. I don't believe that it's necessarily a waiver in the instance here where the administrative record was very unclear as to what was happening. And let me point out specifically where that is. This is a record that shows that Sedgwick was wearing two hats. It was functioning for the employer as the FMLA administrator and also functioning as the short-term disability administrator. In the record, it reflects that there were letters going out to the plaintiff which indicated that she was, in fact, ill and eligible for FMLA coverage. That same entity made a determination that she was not qualified for short-term disability benefits. Not because the definition is different. The definition is the same. All she needed to show was that she was ill. And frankly, the standard for FMLA coverage was a higher standard. The statute requires serious illness. The short-term disability does not make that same requirement. Why was it an abuse of discretion for the district court not to reconsider the issue? Even if it was a forfeiture and not a waiver, why was it an abuse of discretion? The district court did two things, as I read the opinion. The district court, one, said that the plaintiff should have brought a contract claim as to the short-term disability benefits. But then went on to say, as I read the opinion, that even if she did not bring that claim, there was no abuse of discretion in determining that the short-term disability benefits were available to her. Or were not available to her, I should say. And it's that use of the abuse of discretion language where the court reached into the long-term disability plan, which was an ERISA plan. There's no factual issue concerning that to say that that is the standard that he would apply to the short-term disability benefits. It was suggested to the plaintiff that it's all one plan. But went forward to say that because of this concession, there's no, we're not going to consider it, and you should have brought a contract claim. Well, but the district, I thought the district court was saying that, you know, you made a concession initially, and you said it's not about ERISA. And then the district court said, well, if it's not about ERISA, there's no other cause of action here, so I'm dismissing it. And then as it plays out on reconsideration, the district court's effectively saying, well, now you're saying it's about ERISA. If it is, it's exempt under ERISA. And the question is whether or not that determination, that it's exempt. Because you didn't file any other cause of action. So if you now want to cast it as being, because that's what your complaint was, it was an ERISA complaint. That's correct. But the thing is, this is, the district court found that this is exempt under ERISA, under the regulations. Correct. It did find that, and we believe that's an error that the court made. The main reason we say it's an error is because the regulations, when you read it with the Supreme Court decision in Fort Halifax, aren't enough. The regulations alone are not enough. And the Supreme Court has made clear that where you create an administrative scheme, even if you are paying the benefits out of general assets, it's that administrative scheme that puts you under the umbrella of ERISA. And it's because of the role of Sedgwick here, in particular, that they are administering these benefits. So this is not a one-time lump sum payment that's triggered by a single event, the illness of Ms. Foster. Instead, she had to present additional medical evidence that would come to, where Sedgwick would come to the conclusion that, in fact, her illness rose to the level of being awarded short-term disability benefits. I'm not sure I'm understanding. Why isn't this a payroll practice as described? Because of the role of Sedgwick. It's more than just paying assets, paying benefits one time for a single event. And that's what the Supreme Court has held. And as recently as July of this year, the Fifth Circuit looked at that issue, not as it related to disability benefits, but as to a severance benefit, and looked at Fort Halifax. And Gomez v. Erickson, Inc., in the Fifth Circuit, the case number is 15-41479. That decision, which was filed on July 8th of this year, makes very clear that what the Supreme Court is looking at is the ongoing administrative program. And it's looking at the key determinant of whether welfare plans are governed by ERISA by looking at that overlay. And so it's not just simply if you pay it out of the assets of your general assets, but if you are going to require these individuals to demonstrate more than just I'm ill, which she demonstrated for purposes of FMLA coverage. She made those facts for Sedgwick. But Sedgwick required her to do more. And it's that ongoing administrative process that takes this from a general assets pay plan to an ERISA plan. Because that is the key. That is what the Supreme Court is most concerned about when it's looking at whether or not a plan falls within ERISA. Basically, the absence of the administrative process is one that would not implicate ERISA. But where it's there, it's going to implicate potential for employer abuse. Where does the regulation say it can only be a one-time payment plan? The regulations don't speak to that. That is what the Supreme Court spoke to as to why they would say it's not a plan that's wise. Is your argument that the regulations are unlawful? No, I think the regulations are just simply old. They were written in the 70s, and the Department of Labor has not looked at developments as to welfare benefit plans over several years, quite honestly. And many of the opinion letters that the Appellee cites, none of those opinion letters do the facts that are here, are they necessarily presented to the Department of Labor to consider. That, in fact, an employer that's paying these benefits out of their general assets are also using either a Sedgwick or an Aetna or anyone, any other insurer to administer the plans. Not a single one of the opinion letters that are issued by the Department of Labor have those unique facts. The Supreme Court is the only place where these types of facts have been evaluated, and Fort Halifax still stands as the case where looking at a welfare benefit plan, if there is an administrative scheme, it's an ERISA plan. Where does your argument that the district court applied the wrong standard? He applied an arbitrary and capricious standard, and you argue he should have applied a de novo standard. Where does that fit in your argument here? Again, I believe what the district court was doing in order to evaluate the short-term and long-term disability plans, even after saying that we conceded a point, was they looked to the long-term disability provisions to see whether or not there was discretion that was given to Sedgwick to make the determination. And there is no discretion that's in these documents. The administrative record does not show that Sedgwick has discretion to make these determinations, and if they don't, then this court has already decided that without that clear concession of discretion from trustee to administrator or to whoever the entity is, that there can be no discretionary authority for an entity like Sedgwick to interpret the terms of the plan. And there you're referring to the ERISA plan versus... I'm sorry? The Pettaway case. No, you're referring to the ERISA plan or the short-term payment plan. We're referring to the ERISA plan, and to the extent that the judge was trying to extrapolate that there was discretion for making the determination for short-term disability, we would say that's not there either. In this matter, it's very clear that the wraparound plan that was established here creates quite a bit of confusion. The wraparound plan provides for a number of benefits that are covered under ERISA and just draws out this one particular benefit saying it's going to be paid out of plan assets. But it still uses the same administrator. for purposes of evaluating the claim, which suggests, quite frankly, that there was an intention to use that administrator, there was an intention to provide certain benefits, and that there were intended beneficiaries here. And to that extent, it meets the definition of a welfare benefit plan under ERISA. And for that purpose, we believe that the matter should go back for reconsideration under the ERISA theory and that the plaintiff should be permitted to present her claim for purposes of being awarded those benefits and therefore move forward with the long-term disability claim also. All right. Thank you. We'll give you time on rebuttal. Good morning, Your Honors. Gregory Yarby asked on behalf of SunTrust Short and Long-Term Disability Plan and Sedgwick Claims Management Services, Inc., the primary issue in this case is whether the district court abused its discretion in applying the well-settled principle of law that a litigant cannot use a motion for reconsideration as a vehicle to advance new and wholly contradictory arguments to those that the litigant made in the summary judgment stage. And the court did not abuse its discretion in applying that well-settled principle of law. But since the appellant has also noted an appeal as to the district court's motion granting or order granting the defendant's motion for summary judgment, I also want to address why, one, the short-term disability program is a payroll practices plan that is not governed by ERISA. Two, why ERISA does not preempt state law claims with respect to the short-term disability program. Three, why the district court properly applied the deferential standard of review with respect to the long-term disability plan. And four, why the claims administrator did not abuse its discretion under that deferential standard of review in denying benefits under the long-term disability plan. Now, if the district court erred in applying the deferential standard, where does that leave you? It would leave a remand to the district court as to the long-term disability for a consideration as to, under a de novo standard of review, whether the claims administrator was correct. Let's start with the motion for reconsideration. Motion for reconsideration can be granted on one of three grounds. One, there are new facts that were not available to the litigant prior to filing the motion for summary judgment. Two, there is new law, and that doesn't mean that the litigant found new law.  Or three, there is a clear legal error. There seems to be concessions by Ms. Foster that there's not new law and there's not new facts, and she proceeds on the clear legal error grounds. I think the Fourth Circuit said it best in TFWS Inc. v. Franchot 572 F3D 186 when it said that to apply the clear legal error standard, the legal error must stink like a five-day-old unrefrigerated dead fish. It must be dead wrong. And that's so because otherwise the exception would swallow the rule, where any time the district court was wrong, there would be legal error, and a motion for reconsideration would be appropriate vehicle for an appellant to just take a second fight or a litigant to take a second fight at the apple and argue something new and try their hand to see if they can win it that way. Okay, let me just take you back a second. I understand your argument on 59E. Yes, Your Honor. But before you get to that motion for consideration, the district court is essentially saying you haven't presented a cause. You're saying there's no cause of action. Correct, Your Honor. Under the statute. Correct. The district court interestingly said something about no jurisdiction. That doesn't make any sense. At least to me it doesn't. She hadn't presented a cause of action, I can understand. And alternatively, the district court I think was saying this is exempt under ERISA. Correct. That doesn't mean there's no jurisdiction. That means I think the district court was really meaning to say, now if I give you the benefit of the doubt and I look under ERISA, this is an exempt thing under ERISA. So you have no cause of action. Correct. That's different than jurisdiction. That is different than jurisdiction. This isn't a jurisdiction case down below. I just want to make sure of it. Because the district court used that term and I don't think it's correct. I agree with you, Your Honor, because there's obviously independent jurisdiction that would exist. One, there's ancillary jurisdiction because the long-term disability plan is an ERISA plan, which would probably bring state law claims under the short-term disability program within the jurisdiction of the district court. And two, there's diversity. But even apart from that, if the district court had jurisdiction, if it had been properly argued this is making an ERISA claim, the district court has jurisdiction to look at ERISA and say, but this is exempt. Correct. Exactly right. If this were only brought as a state law cause of action and there is not otherwise independent jurisdiction such as diversity, then there would be no jurisdiction. But as an ERISA case, the court certainly has jurisdiction. So let's go into why this is a short-term disability program is a payroll practices plan under the Department of Labor regulations. The Department of Labor regulations say that when a benefit is paid out of the employer's general assets as opposed to a trust fund held in trust for a third party, and those benefits are applied to an individual who is physically or mentally unable to perform their duties and is otherwise absent from work, then that is exempt from ERISA as a payroll practices plan. That regulation has been upheld and applied Chevron deference by the Supreme Court in Massachusetts v. Morash. And the cases cited by Ms. Foster, to the contrary, are inopposite. There's an important distinction between this case and every single case cited by Ms. Foster. They are severance cases. And that is an important distinguishing factor because if you look at the regulation while it talks about and it is inclusive of payments while mentally or physically unable to perform your duties while absent from work, it does not list severance payments as one of the benefits that the regulation would apply to. And the Fort Halifax decision that she cites, as well as the other decisions that she cites, say that we declined to read into the regulation that it would also apply to severance payments. And it declined to do so for a few reasons. One, severance payment is not a payment while someone is currently working for the company, so it's not a regular compensation payment out of the general assets. And two, the courts recognized that there might be some policy concerns about if there are mass layoffs and an employer would be unable to make the required severance payments, then the Department of Labor might see some reason why ERISA should apply. So it saw the Department of Labor's decision to exempt severance payments from the list of included benefits in the regulation as meaning something. And so with respect to severance payments, the courts looked to whether there was a general administrative scheme. That is not the case with respect to disability payments. Disability payments are expressly included in the regulation and are a payroll practice and are exempt from the regulations of ERISA. Now, I also want to talk about Ms. Foster's preemption argument. Ms. Foster argues that ERISA preempts any state law cause of action because the short-term disability program relates to the long-term disability plan, which is an ERISA plan. And Ms. Foster generally disregards or misunderstands the case law in this regard. A ERISA will preempt state law causes of action where an alternative ERISA cause of action exists. Basically, if you could plead an ERISA cause of action, you can't get out of ERISA by pleading a state law cause of action. That's out. The ERISA cause of action would prevail. Here, with respect to the short-term disability program, there is no alternative ERISA cause of action because it is exempt from ERISA under the payroll practices plan. Therefore, ERISA does not preempt a breach of contract state law claim, which is the claim that should have been brought at the district court level. You do understand the confusion that an employee might encounter where the same administrator is acting on behalf of the same employer for both of these plans. So, as I understand what the district court was getting at, she should have added a state law claim to her complaint. And that's fatal, even though the scheme as such seems to be all of a whole, if you take my assumption here. I see what you're saying, Your Honor, but that's why I think that SunTrust tried to do its best to separate out the short-term disability program from the Employee Welfare Benefits Handbook. So, the employee was handed the Health and Welfare Benefits Handbook. It listed the benefits that are inclusive within that handbook and then explicitly stated that there is a separate short-term disability program that falls outside of the Employee Welfare Benefits Handbook. And that's a precondition to being eligible for the long-term plan. It is one of the ways that the employee can meet the preconditions, yes, Your Honor. So, either they can be entitled to short-term disability benefits for 180 days or they can be entitled to workers' compensation benefits for 180 days, neither of which fall within the Employee Welfare Benefits Handbook. So, in this case, as you read the record, because the plaintiff in the district court conceded that the payroll plan was not an ERISA plan, it viewed the lack of a state cause of action as dispositive. That is correct at the summary judgment stage, right, Your Honor. Separate finding at the motion for reconsideration phase. But at the summary judgment stage, the district court found that the short-term disability program was not an ERISA plan. It was exempt under the regulations. That the only applicable possible cause of action that could have been asserted was a state law breach of contract claim. Such a claim was not asserted, and therefore, Suntrust and Sedgwick were entitled to summary judgment as to the ERISA claim that was pled and no state law cause of action was before the district court. And what about this standard issue that she did raise before the district court? The standard that the district court applied, the deferential standard, was through... The arbitrary and capricious. Correct. And it was through the lens of the long-term disability plan. Right. So in order to, as Your Honor noted, in order to receive benefits under the long-term disability plan, the employee had to either be entitled to short-term disability benefits for 180 days or entitled to workers' compensation benefits for 180 days. There's no claim as to workers' compensation benefits, so the only applicable analysis would be the short-term disability benefits. Now, the district court found that the long-term disability plan vested discretion in the claims administrator to determine benefits. And she raised the objection to the district court that that was the incorrect standard, that looking at the other cases, the language of discretion was not present in this particular ERISA plan, and therefore the district court should have applied a de novo standard of review. That is correct that Ms. Foster raised that. It is incorrect that the language is not present. In the Firestone decision by the Supreme Court, the Supreme Court held that the arbitrary and capricious standard of review is applicable where the plan vests discretion in the administrator to either, one, interpret the plan, or, two, to determine benefits. All right. So courts have said that determine benefits. That's ambiguous as to whether that involves discretion or not. Yes, Your Honor. And they've interpreted the language against the drafter, namely against the employer. Yes, Your Honor. So the – in this case, the language is pretty clear. It is – it vests Sedgwick with the discretion to determine whether or not the evidence satisfies the definition of disability contained in the policy. But you would agree, would you not, that that is not the language that courts have found to be clearly vesting discretion in the administrator? I agree that satisfactory proof has not been litigated in the courts, correct. There is not a judicial finding as to whether satisfactory proof is sufficient at the claims administrator level as vested. And in those cases that have decided the question that there was discretion, the language was much clearer. In terms of interpreting the policy, yes, Your Honor. But by the same token, the cases that found no discretion, it was much more of a ministerial action by the claims administrator. So, for example, a termination benefit in the Firestone case where there was termination and where an employee had worked for X number of years, they were entitled to a certain amount of benefits. The court found that there, there's no discretion. It is a ministerial act of looking at whether the termination occurred and the years of service and then rubber stamping a number. And so what's the discretion here? Here, there's a vague definition as to disability, just mentally or physically unable to perform one's material duties. The claims administrator gets to determine whether there has been satisfactory proof submitted and what are the material duties and whether the person is, in fact, unable to perform their duties. And so what's your best case? Because I've mentioned, I haven't mentioned the case names, but you're familiar, I'm sure, with the cases that. I am. The best language as to the standard to apply comes out from the Firestone decision in the Supreme Court, which obviously comes out the other way and is somewhat inopposite in the facts. The cases that we cited in this brief, in our brief out of this circuit, obviously come out our way, but the language is stronger in the plans. So we're asking the court to apply. The question is open. Correct, Your Honor. Forgive me, my time is out. I'll answer questions more further if you want. Please, I don't mean to cut you off. Oh, no, no, no, no. The answer is that this court should apply the rule as set forth by the Supreme Court in the Firestone decision, which said that, remember, these are trust funds, or where ERISA applies, they are trust funds, and so courts look to the general common law principles of trust law and where a fiduciary of a trust gets to make a decision and it's somewhat within that fiduciary's discretion, that's what guides whether or not there is a favorable standard of review. And that begs the question. I mean, the question is, does he have this discretion? And I believe the answer is yes, Your Honor, because they get to look at all of the evidence, determine whether the evidence meets the definition of disability as set forth in the policy. It is more than a ministerial act. It is a judgment for which they have to exercise discretion, and because they have to exercise discretion to meet that judgment, then they would be entitled to the deferential standard of review. Thank you, Your Honor. Thank you. Thank you. I'd like to address two things. One, with regard to the last issue, we clearly disagree with the appellee here with regard to whether or not Firestone is the leading case. It clearly informs, but I believe it's this district court has been very clear about, in the Petaway case, about the fact that there has to be a grant of discretion. And nowhere in this record is it clear that there was a grant of discretion. Well, I was looking really at the circuit cases that have had to decide whether the provision for satisfactory proof is necessarily a grant of discretion. And six circuits say it isn't, two circuits say it is, and we haven't decided that question. You have not addressed that. That is right, Your Honor. This Court has not addressed that. So what do you think is your strongest case? Clearly, I believe that this, I would say it is not, and that the circuits that have found that would be consistent with at least the analysis this circuit went through in looking at the grant of discretion in Petaway. Well, in other words, the circuits that said it wasn't enough, they said this language is ambiguous as to discretion, and so we construe the document or the plan against the drafter. I think that is the appropriate fallback. I just feel that this circuit has gone through the evaluation in such a way that it should require those insurers that are going to issue insurance in the District of Columbia to comply with Petaway, and that those employers that use those insurers give a affirmative grant of discretion, which is exactly what happened in Petaway. There was an affirmative grant of discretion to the insurance company that had administered and made the claims decisions in that case. I want to talk about the long-term disability, and I believe that I'm hearing that the appellee agrees that that is an ERISA plan. And one of the things that I think is important to consider here is whether or not the eligibility for long-term disability would have been within the purview of CEDRIC to determine. I believe that it would be, and the determination of whether or not one is eligible would be subject to ERISA since it, for the long-term disability benefits, would be subject to ERISA. That means that CEDRIC would have had to look at the denial of coverage for the short-term disability benefits to evaluate whether or not that was appropriate. Is that having CEDRIC evaluate itself? Probably, but I imagine that CEDRIC would tell me that they have someone separate dealing with short-term disability and someone else dealing with long-term disability. My time is up, I believe. Thank you. We'll take the case under advisement.
judges: Rogers, Tatel, Edwards